UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: RICK J. GURHOLT,    Case No. 19-mc-1-pp

**ORDER DENYING REQUEST FOR EXTENSION OF TIME (DKT. NO. 1) AND DISMISSING CASE**

On January 23, 2019 the court received a letter from Rick J. Gurholt. Dkt. No. 1. The clerk of court docketed the letter as a miscellaneous case (Mr. Gurholt does not have an open case before the court) and assigned it to this court. Id. The letter explains that on March 20, 2018, the Wisconsin Court of Appeals affirmed the state trial court's decision in his appeal. Dkt. No. 1 at 1. He says that his appellate counsel filed a "no merit" brief with the Wisconsin Supreme Court. Id. Mr. Gurholt says that he has been researching his options, and that he "hope[s] to file a Wisconsin Stat. §974.06 appeal or a 2254 federal Habeas petition within the next few months." Id. The letter asks the court to give Mr. Gurholt an extension of "another year" to file his *habeas* petition, citing State of Wisconsin v. Williams, 15-mc-65-pp, dkt. no. 2 (E.D. Wis. Dec. 2, 2015).

A person in custody has one year to file a petition for *habeas corpus* review in federal court, and that one year begins to "run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). A federal court cannot "extend" that one-year time limit. The question is when

1

the one-year time starts to run, and that depends on what actions the person has taken in his state case. There are cases that discuss when a judgment becomes "final," and that issue can be very complicated, especially in situations involving no-merit briefs. It is true that the federal *habeas* statute has "tolling" provisions that exempt certain periods of time from counting toward the one-year limitations period. For example, 28 U.S.C. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." Until Mr. Gurholt files a *habeas* petition, however, the court will not be able to tell whether any time has been "tolled" or whether his petition would be barred by the statute of limitations.

The court does not have the authority to extend the deadline for Mr. Gurholt to file his petition. It can advise him only to conduct research into the question of whether his conviction has become "final" and, if so, when; and then to make sure that he files his *habeas* petition within one year of the date the conviction becomes, or became, final.

The court **ORDERS** that Mr. Gurholt's request is **DENIED.**

The court **ORDERS** that the case is **DISMISSED.**

Dated in Milwaukee, Wisconsin this 29th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**